

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4604
Re: Authority of Automatic Tax
Board, under Articles 7041,
Vernon's Texas Civil Statutes,
et seq. to reduce the State
ad valorem tax on property of
7¢ on the $100.00 valuation,
levied by Article III, Section
51, Constitution of Texas, for
the purpose of creating the Con-
federate Pension Fund, a surplus
now existing in said Fund.

Your letter of May 21, 1942, submits for our atten-
tion and opinion the following question, which we quote there-
from:

"Article 7041 recites: 'The Governor, Comp-
troller, and State Treasurer are constituted a
Board to calculate the ad valorem tax to be levied
and collected each year for state and public free
school purposes.' (Underscoring supplied.)

"The foregoing Board has, by usage, become
to be known as the Automatic Tax Board.

"Article 7043 provides the method by which
the Automatic Tax Board may ascertain its tax rate
but does not mention the Confederate Pension Fund.

"Section 51, Article III of the State Consti-
tution as adopted by the people November 6, 1928,
reads, in part:

"'There is hereby levied, in addition to
all other taxes heretofore permitted by

the Constitution of Texas, a state ad-
valorem tax on property of 7¢ on the one
hundred ($100.00) dollars valuation for
the purpose of creating a Special Fund
for the payment of pensions for services
in the Confederate Army and Navy, Frontier
Organizations, and the Militia of the
State of Texas, and for the widows of
said soldiers serving in said armies,
navies, organizations, or militia; pro-
vided that the legislature may reduce
the tax rate herein levied, and provided
further that the provision of this sec-
tion shall not be construed so as to pre-
vent the grant of aid in cases of public
calamity.' (Underscoring supplied.)

"There is now a surplus in the Confederate
Pension Fund which is derived from the Constitu-
tional levy of 7¢ ad valorem tax on property of
one hundred dollars valuation, and since this
surplus will continue to increase under the pre-
sent levy and there will be no necessity for a
tax rate of 7¢ to meet the needs of the Confed-
erate Pension Fund, the question has arisen as
to whether the Automatic Tax Board has the author-
ity in law to reduce the 7¢ tax levy above men-
tioned.

"I shall therefore thank you to advise this
department whether the Automatic Tax Board may re-
duce the 7¢ tax levied, or whether a specific Act
of the Legislature will be required to reduce this
levy."

The creation of the so-called Automatic Tax Board
and its duty of annually ascertaining and calculating the ad-
valorem rate of taxes to be collected for State and public
free school purposes is governed by the statutes adverted to
and is not of Constitutional origin. On the other hand, the
creation of the Confederate Pension Fund is referable to the
provision of the State Constitution cited and quoted by you.
In case of conflict, the organic law will, of course, govern
the instant inquiry.

It will be noted, from the portion of Section 51, Article III, Constitution of Texas, quoted in your letter, that a Special Fund, known as the Confederate Pension Fund, is created by the levy of a State ad valorem tax at the flat rate of 7¢ on the $100.00 valuation. This is significantly unlike the State tax rate on the $100.00 valuation, fixed by Article VIII, Section 9, Constitution of Texas, for general and other purposes. To illustrate this difference, we quote the following pertinent portions therefrom:

"The State tax on property, exclusive of the tax necessary to pay the public debt, and of the taxes provided for the benefit of the public free schools, shall never exceed thirty-five cents on the one hundred dollars valuation; and no county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceeding fifteen cents for roads and bridges, and not exceeding fifteen cents to pay jurors, on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment September 25th, 1883; and for the erection of public buildings, streets, sewers, water works and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation, in any one year, and except as is in this Constitution otherwise provided: . . ." (Emphasis ours)

The foregoing Constitutional provision, in fixing a maximum tax rate on the $100.00 valuation for each of the purposes indicated, allows the Automatic Tax Board to exercise its statutory duty and discretion of ascertaining and calculating, in the manner authorized and required, the annual ad valorem tax rate on the $100.00 valuation, at any figure not exceeding the various Constitutional maxima.

But this is patently not the situation presented and allowed in the instant case. The Confederate Pension Fund is a special Constitutional Fund created by the self-enacting tax levy by Section 51 of Article VIII of the Constitution of Texas, at the specific and flat tax rate of 7¢ on the $100.00 valuation rather than at some rate calculated by the statutory Automatic Tax Board equal to or less than a Constitutional maximum rate. The existing surplus in the Confederate Pension Fund arising from this tax levy is a matter concerning which only the Legislature of Texas may take

cognizance and appropriate action, because in connection with such levy the Constitution provides "that the Legislature may reduce the tax rate herein levied". This language precludes the notion that the Automatic Tax Board or any other statutory board or agency may lawfully act to reduce this tax rate and the consequent surplus arising therefrom.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Pat M. Neff, Jr.
Assistant

PMN:mp

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN

APPROVED JUN 10, 1942
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS